1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6
7
8
9
10

JOEL CHRISTOPHER HOLMES,

Petitioner,

v.

SARAH MARION ROBERTS, et al.,

Respondents.

Case No. C17-1883 TSZ

**REPORT AND**
**RECOMMENDATION**

11
12
13
14

Joel C. Holmes challenges a 2009 Shoreline Municipal Court conviction, in case number Y80248049 SHO under 28 U.S.C. § 2254. The Court has reviewed the petition and recommends it be dismissed because it is untimely, is a second or success petition, and Mr. Holmes is not "in custody," on this matter.

15

**DISCUSSION**

16
17

**A.** **The petition is barred by the statute of limitations**

18
19
20
21
22
23

Habeas corpus petitions by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §

REPORT AND RECOMMENDATION - 1

1  2244(d)(2) (emphasis added).

2        Where a habeas petitioner sought direct review by the highest state court but did not file a

3  petition for a writ of certiorari in the United States Supreme Court, the one-year limitations

4  period for seeking federal habeas review begins to run not on the date the highest state court

5  entered judgment, but on the date the time for seeking certiorari expires. *See Bowen v. Roe*, 188

6  F.3d 1157, 1159 (9th Cir. 1999). The time period for seeking certiorari is ninety days, according

7  to the Supreme Court Rule 13. *Id.*

8        Here, Mr. Moore's habeas petition indicates he was convicted on May 20, 2009. He

9  appealed the sentence to the King County Superior Court and the Court denied relief on

10  September 3, 2010. He appealed to State Court of Appeals which affirmed his conviction on

11  February 11, 2011. He then sought review in the United States Supreme Court which denied

12  certiorari on October 3, 2012. Mr. Moore's conviction thus became final for purposes of federal

13  law on October 3, 2012, and under 28 U.S.C. § 2244(d)(1) the one-year statute of limitations

14  began to run the next day. *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002). The limitations

15  period then ran for nearly four years before Mr. Holmes filed a personal restraint petition in the

16  state court of appeals in May, 2016. Mr. Moore's federal habeas petition is accordingly untimely

17  under the federal statute of limitations, 28 U.S.C. § 2244(d), and should be dismissed.

18  **B.**    **The petition is second or successive**

19        Mr. Holmes has previously filed habeas petitions in this Court challenging the same

20  conviction he seeks to challenge in this action. The prior petitions were denied on the merits and

21  dismissed with prejudice. *See Holmes v. Lovick*, C11-1097-RSM, and *Holmes v. Roberts,* C13-

22  254 MJP. By statute, this Court is without jurisdiction to consider a second or successive habeas

23  petition until the Ninth Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. §

2244(b)(3)(A); Circuit Rule 22-3. Mr. Holmes makes no showing that he has obtained authorization from the Ninth Circuit to proceed with the instant petition. The Court notes that in *Holmes v. Lovick*, C11-1097-RSM, the Circuit Court for the Ninth Circuit denied issuance of a certificate of appealability.

## C.    Mr. Holmes does not appear to be in custody

In order to challenge a criminal conviction and sentence, a habeas petitioner must be in custody on the matter for which he seeks habeas relief. *See* 28 U.S.C. §§ 2241(c), 2254(a). "[T]o satisfy the custody requirement, petitioner must demonstrate that he is subject to a significant restraint upon his liberty 'not shared by the public generally.'" *Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993) (per curiam) (quoting *Jones v Cunningham*, 371 U.S. 236, 240 (1963)); *see also Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). Because custody is a statutory jurisdictional prerequisite, a federal district court may only consider a habeas petition if the petitioner was in custody at the time of filing of the petition. *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam). In *Holmes v. Roberts,* C13-254 MJP, the Court noted that Mr. Holmes has not demonstrated that he is in custody under the 2009 Shoreline conviction.  The Court's report containing this observation was filed more than four years ago.

## CONCLUSION

Under Habeas Rule 4, the Court must dismiss a habeas petition if it plainly appears from the petition that the petitioner is not entitled to relief. Here, the Court cannot grant relief because the Court lacks subject matter jurisdiction over a petition that is successive, untimely, and for a conviction which Mr. Holmes is not in custody. The Court therefore recommends **DENYING** Mr. Holmes's § 2254 petition and **DISMISSING** this matter **with prejudice**; the Court also recommends denying issuance of a COA. A proposed Order accompanies this Report and

Recommendation. Any objections to this Recommendation must be filed by **January 3, 2018**. The matter will be ready for Court's consideration on **January 5, 2018**, and the Clerk should so note it. Objections shall not exceed seven pages. The failure to timely object may affect the right to appeal.

DATED this 20th day of December, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4